Linda HIROMS, Individually and as Executrix of the Estate of Ancel (Bud) Freeman, Deceased, Francis Freeman, Aubrey Freeman, Jimmy Freeman, Barbara Alford, Thelma Freeman, Appellants,

v.

Eric H. SCHEFFEY, M.D. and Westbury Hospital, Inc. d/b/a Westbury Hospital, Appellees.

No. 14–00–00424–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 21, 2002.

Les Cochran, Houston, for Appellants.

R. Harding Erwin, Jr., John S. Serpe, Richard A. Sheehy, Houston, for Appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellants brought a medical malpractice claim against physician Eric H. Scheffey and a negligent credentialing claim against Westbury Hospital, Inc. ("Westbury"). Appellants appeal the granting of partial summary judgment in favor of Westbury and a final judgment entered in a jury trial in favor of Scheffey. We affirm the judgment of the trial court.

### FACTUAL BACKGROUND

The relevant facts are undisputed. In September 1990, decedent, Ancel (Bud) Freeman injured his back and sought treatment from Scheffey. At that time, Scheffey ordered extensive diagnostic testing: an MRI which showed degenerative disease but no evidence of herniation, a myelogram, and a post myelogram CT. As a result of these tests, Scheffey recommended extensive back surgery that took place on November 27, 1990 at Doctor's Hospital—East Loop. A number of surgical procedures were performed.

After Freeman was discharged from the hospital, Scheffey ordered more tests and diagnostic procedures that did not reveal any apparent problems with Freeman's back. Nonetheless, Freeman still experienced pain and discomfort from 1991 to April 1994, when Scheffey ordered further diagnostic tests and performed a second back surgery. This surgery was very similar to the first surgery. In November of the same year, Scheffey performed a third surgery on Freeman at Westbury, conducting many of the same procedures used in the two prior back surgeries. The third surgery took over seven hours. Scheffey did not request an assisting surgeon, even though he knew decedent was an elderly, insulin-dependent diabetic and a heavy smoker. During the surgery, Freeman lost 3800cc (about four quarts) of blood. Freeman died the next day. No autopsy was performed.

### DISCUSSION

Appellants raise three issues on appeal: the trial court erred (1) in granting summary judgment in favor of Westbury; (2) in excluding factual findings from the Texas State Board of Medical Examiners dated May 25, 1995, purportedly showing that (a) Scheffey had performed unnecessary surgery in the past and (b) stating that pain alone is not an adequate indication for surgery; and (3) in refusing appellants' proposed jury instruction on the definitions of "negligence" and "ordinary care."

We address appellants' third issue first. Appellant complains that the definition of negligence in the court's charge is a lower standard than that enunciated by the Texas Supreme Court in *Hood v. Phillips.*

### STANDARD OF REVIEW

We review the court's charge under an abuse of discretion standard. *Riddick v. Quail Harbor Condominium Ass'n, Inc.,* 7 S.W.3d 663, 673 (Tex.App.-Houston [14th Dist.] 1999, no writ). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Tex. Dep't of Human Servs. v. E.B,* 802 S.W.2d 647, 649 (Tex.1990). In determining whether an alleged error in the charge is reversible, an appeals court considers

the record as a whole, including the pleadings of the parties, the evidence introduced at trial, and the charge in its entirety. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986) (op. on reh'g). Reversal for a new trial is the appropriate remedy for an error that probably caused the rendition of an improper judgment. TEX.R.APP. P. 44.1(a)(2). Harmful error must be shown. TEX.R.APP. P. 81(b)(1). Using the definitions of "negligence" and "ordinary care" from the Texas Pattern Jury Charges, the court's charge in this case defined "negligence" and "ordinary care" as follows:

> "Negligence," when used with respect to the conduct of DR. ERIC H. SCHEFFEY, means failure to use ordinary care, that is, failing to do that which an orthopedic surgeon of ordinary prudence would have done under the same or similar circumstances or doing that which an orthopedic surgeon of ordinary prudence would not have done under the same or similar circumstances.

> "Ordinary care," when used with respect to the conduct of DR. ERIC H. SCHEFFEY, means that degree of care that an orthopedic surgeon of ordinary prudence would use under the same or similar circumstances.

*Malpractice, Premises, Products,* TEXAS PATTERN JURY CHARGES, No. 50.1 (2000).

■ Appellants maintain that these definitions resulted in the jury applying a lower standard because the degree of care required was only that of an orthopedic surgeon of "ordinary prudence." Appellants' complaint is not entirely without merit. The Texas Supreme Court has established the standard of care in medical malpractice cases as follows: "the physician-defendant has undertaken a mode or form of treatment which a *reasonable and prudent* member of the medical profession would not have undertaken under the same or similar circumstances." *Hood v. Phillips,* 554 S.W.2d 160, 165 (Tex.1977) (emphasis added). And, not surprisingly, the language "reasonable and prudent" physician has been uniformly cited by this Court and other courts of appeals in this state. *Martin v. Durden,* 965 S.W.2d 562, 566 (Tex.App.-Houston [14th Dist.] 1997, pet. denied); *Penick v. Christensen,* 912 S.W.2d 276, 284 (Tex.App.-Houston [14th Dist.] 1995, writ denied); *Bradley v. Rogers,* 879 S.W.2d 947, 953 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *Guidry v. Phillips,* 580 S.W.2d 883, 887 (Tex.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Tilotta v. Goodall,* 752 S.W.2d 160, 164 (Tex.App.-Houston [1st Dist.] 1988, writ denied); *Webster v. Johnson,* 737 S.W.2d 884, 886 (Tex.App.-Houston [1st Dist.] 1987, writ denied); *Wheeler v. Aldama–Luebbert,* 707 S.W.2d 213, 217 (Tex.App.-Houston [1st Dist.] 1986, no writ); *Beal v. Hamilton,* 712 S.W.2d 873, 876 (Tex.App.-Houston [1st Dist.] 1986, no writ); *Henderson v. Heyer–Schulte Corp. of Santa Barbara,* 600 S.W.2d 844, 847 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Hickson v. Martinez,* 707 S.W.2d 919 (Tex.App.-Dallas 1985, writ ref'd n.r.e.). Thus, the case law sets the level of care required as that of a "reasonable and prudent physician." Therefore, it is unclear whether this is a different standard than "ordinary care."[1] *See also* Darrell L.

---

1. A strong argument can be made that the standard evoked by "ordinary prudence" is the same as "reasonable and prudent" because "prudence" incorporates the concept of a person acting carefully to avoid unwanted consequences. THE OXFORD ENCYCLOPEDIC ENGLISH DICTIONARY 1165(1st ed.1991); *see also* RESTATEMENT (SECOND) OF TORTS § 283 cmt. c. (1965) (stating that the standard of the "reasonable man" is sometimes called "a reasonable man of ordinary prudence, or an ordinarily prudent man, or a man of average

Keith, *The Court's Charge in Texas Medical Malpractice Cases,* 48 BAYLOR L.REV. 675, 701–03 (1996) (arguing that the use of "ordinary" instead of "reasonable" in the Pattern Jury Charges' definition of negligence is inaccurate).

 However, we are unable to address the merits of this claim because appellants did not ask the court reporter to type the trial proceedings transcribed. "The burden is on the complaining party to present a sufficient record to the appellate court to show error requiring reversal." *Melendez v. Exxon Corp.,* 998 S.W.2d 266, 278 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Because we do not have the trial record before us and none has been prepared, we are unable to address whether the Pattern Jury Charges' definition of negligence is inconsistent with Texas law or whether it enunciates a lower standard of care. For example, we cannot tell if defense counsel argued to the jury that the doctor had to exhibit only ordinary care. Moreover, we do not know what the evidence showed. Therefore, we cannot consider "the record as a whole" and the "evidence presented," as we must, to determine whether harm was shown. *Island Recreational Dev. Corp.,* 710 S.W.2d at 555. Accordingly, appellants' third issue on appeal is overruled.

We now address appellants' first issue on appeal, specifically, that the trial court erred in granting Westbury's motion for summary judgment against appellants' negligent credentialing claim. Because the jury found that Scheffey was not negligent, and because we are affirming that finding, there can be no negligent credentialing claim against Westbury. *See Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987). If the physician is not negligent, there is no neg-

ligent credentialing claim against the hospital. We therefore overrule appellants' first point of error as moot.

Lastly, appellants complain that the trial court erred in granting appellee's motion in limine that required appellants to address outside the presence of the jury the evidence regarding Scheffey from the Texas Board of Medical Examiners. The granting of a motion in limine will not preserve error. *Owens–Corning Fiberglas Corp. v. Malone,* 916 S.W.2d 551, 557 (Tex. App.-Houston [1st Dist.] 1996), *aff'd,* 972 S.W.2d 35 (Tex.1998). Consequently, we overrule appellants' second issue on appeal and affirm the judgment of the trial court in all respects.

prudence or a man of reasonable sense exercising ordinary care").