Affirmed and Memorandum Opinion filed January 17, 2006









Affirmed and Memorandum Opinion filed January 17,
2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00428-CV

____________

 

MRS. J.E. MIDDLETON, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE 

ESTATE OF J.E. MIDDLETON, Appellant

 

V.

 

NATIONAL FAMILY CARE LIFE INSURANCE
COMPANY, Appellee

_________________________________________________________________

 

On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 01-61530

_________________________________________________________________

 

M E M O R A N D U M   O
P I N I O N








Appellant Mrs. J.E. Middleton, Individually and as
Representative of the Estate of J.E. Middleton (hereinafter AMiddleton@), asserts the trial court erred in
(1) determining prejudgment and postjudgment interest in its judgment, (2) not
awarding her any attorney=s fees, and (3) not awarding her treble damages based upon
the alleged conduct of appellee National Family Care Life Insurance Company
(hereinafter ANational Family@) in allegedly knowingly engaging in
unfair settlement practices and misrepresentations.  Middleton presents several interesting and
creative arguments in support of her appellate issues.  Through counsel, Middleton made a forceful,
articulate, and cogent presentation of her appellate points in oral argument to
this court.  But there is no reporter=s record of the trial in this case,
so we cannot reach the merits of Middleton=s claims.  Because we are bound by the dual presumption
that the omitted record is relevant to the disposition of this appeal and that
it supports the trial court=s judgment, we affirm.

I. 
Background

Middleton sued National Family,
alleging that the insurer breached its obligations under an insurance
contract.  Middleton also asserted claims
for (1) breach of the duty of good faith and fair dealing, (2) knowing and
intentional breaches of article 21.21 and 21.55(6) of the Texas Insurance Code,
and (3) alleged violations of the Texas Deceptive Trade Practices Act.  On February 18, 2003, the trial court
conducted a bench trial in this case. 
There is no reporter=s record of any part of the trial.  On January 9, 2004, the trial court signed a
modified final judgment awarding Middleton $11,000, prejudgment interest of
$1,969, five-percent postjudgment interest, and court costs.  

On appeal, Middleton asserts that the rate of prejudgment and
postjudgment interest in the trial court=s judgment should have been eighteen
percent under section 304.002 of the Texas Finance Code because the judgment is
based on a contract that allegedly provides for time price differential.  See Tex.
Fin. Code Ann. ' 304.002 (Vernon Supp. 2005). 
Middleton also asserts that the trial court erred in not awarding
attorney=s fees, which Middleton asserts are
mandatory under Chapter 38 of the Texas Civil Practice and Remedies Code. See
Tex. Civ. Pract. & Rem. Code Ann.
' 38.001, et seq.  In her final issue, Middleton asserts that
she should have been awarded attorney=s fees and treble damages under
article 21.21 of the Texas Insurance Code because National Family knowingly
engaged in unfair settlement practices and misrepresentations.








II.  Analysis

A.        Request for Judicial
Notice

Before we address Middleton=s appellate issues, as a threshold
matter, we address her request that this court take judicial notice on appeal
of the evidence from the trial. 
Middleton has cited no rule or case that would allow such judicial
notice, and we have found none.  Because
the evidence at trial does not constitute laws, ordinances, or rules, Texas
Rules of Evidence 202 through 204 do not apply. 
See Tex. R. Evid.
202B204. 
The evidence allegedly admitted in the bench trial is not generally
known within the territorial jurisdiction of the trial court, and it is not
capable of accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned. 
Therefore, we may not take judicial notice under Texas Rule of Evidence
201.  See Tex. R. Evid. 201; In re J.L., 163 S.W.3d 79, 83B84 (Tex. 2005) (holding that court of
appeals erred in taking judicial notice of expert testimony from other
proceeding because the testimony did not satisfy the requirements of Rule
201).  The parties have not stipulated to
an agreed record or an agreed statement of the case.  See Tex.
R. App. P. 34.2, 34.3.  We cannot
recreate through judicial notice the evidence allegedly offered at a trial for
which there is no reporter=s record.  Accordingly,
we deny Middleton=s request that we take judicial notice of the evidence from
the bench trial.

B.        Presumptions in the
Absence of a Reporter=s Record








There is no reporter=s record of the trial.  In the absence of a complete record, certain
presumptions apply, unless this appeal is one based upon a partial reporter=s record.  We note that Middleton has not undertaken an
appeal based upon a partial reporter=s record.  See Tex.
R. App. P. 34.6(c).  More
specifically, she did not request a partial reporter=s record under Rule 34.6(c), nor did
she submit a statement of points or issues under that rule.  See id.  Therefore, this is not a Rule 34.6(c)
case.  See Bennett v. Cochran, 96
S.W.3d 227, 229 (Tex. 2002).  Because
Middleton did not comply with Rule 34.6(c), our appellate record must contain a
complete record of the trial; otherwise, we presume the omitted portions are
relevant to the disposition of this appeal. 
See Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex.
1990).  Because our appellate record
contains no record of the trial proceedings, we presume that these proceedings
support the trial court=s judgment, and we cannot reach the merits of Middleton=s issues.  See Bennett, 96 S.W.3d at 229; Hiroms
v. Scheffey, 76 S.W.3d 486, 489 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(holding court could not address merits of alleged charge error because
appellate record did not contain complete record of trial proceedings); Gardner
v. Baker & Botts, L.L.P., 6 S.W.3d 295, 296B98 (Tex. App.CHouston [1st Dist.] 1999, pet.
denied) (holding that complete record of trial was not provided because record
lacked voir dire, opening statements, closing arguments, and some testimony and
holding that, because appellants did not comply with the predecessor rule to
Rule 34.6(c), the court of appeals had to presume that the omitted portions
supported the trial court=s judgment).  








The application of this presumption often triggers very
severe consequences, and this case is no exception.  For example, we presume that the evidence at
trial supported an award of $11,000 to Middleton on a claim other than a claim
for breach of a contract that provides for interest or time price
differential.  Likewise, we presume that
Middleton introduced no evidence of reasonable and necessary attorney=s fees and that the record supports
the trial court=s decision to award no reasonable and necessary attorney=s fees.  See Ameritech Servs., Inc. v. SCA Promotions,
Inc., No. 05-03-00247-CV, 2004 WL 237760, at *3 (Tex. App.CDallas Feb. 10, 2004, no pet.)
(holding in memorandum opinion that trial court did not err in awarding no
attorney=s fees under Chapter 38 of the Texas
Civil Practice and Remedies Code because evidence that plaintiff could have
settled the case before filing suit for the amount recovered indicated that
fees were not necessary); Cale=s Clean Scene Carwash, Inc. v.
Hubbard, 76 S.W.3d
784, 787 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (stating that a failure
to award fees is proper if the evidence did not prove the value of the services
provided or if it affirmatively showed that no attorney=s services were needed or that the
services provided were of no value).  We
also presume the evidence at trial supports a finding that National Family did
not knowingly engage in conduct that violates the Texas Insurance Code, as
alleged by Middleton.  See Bennett,
96 S.W.3d at 229; Hiroms, 76 S.W.3d at 489; Christiansen, 782
S.W.2d at 843.  Applying the dual
presumptionCthat the trial proceedings are
relevant and that they support the trial court=s judgmentCto each of the issues raised on
appeal, Middleton cannot prevail on any of her issues. 

C.        No Fundamental Error

Middleton attempts to avoid the consequences of the lack of a
reporter=s record in this appeal by invoking
the doctrine of fundamental error.  This
court, however, already has held that the fundamental-error doctrine cannot be
used to avoid the presumption that the omitted portions of a trial record
support the trial court=s judgment.  See
Mason v. Our Lady Star of the Sea Catholic Church, 154 S.W.3d 816, 821
(Tex. App.CHouston [14th Dist.] 2005, no
pet.).  We find no fundamental error in
this case and therefore reject Middleton=s fundamental-error argument.

III.  Conclusion

For
the reasons explained above, Middleton cannot succeed on appeal without a
complete reporter=s record.  There is no
reporter=s record in this case.  Accordingly, we overrule Middleton=s appellate issues and affirm the
trial court=s judgment. 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed January 17, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.