

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-189-CV

JANET LOU DOUGLASS                                              APPELLANT

V.

GILBERTO C. TORREZ AND                                         APPELLEES
ERCILIA J. TORREZ

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Janet Lou Douglass, pro se, appeals the trial court's take-nothing judgment on her claim for trespass against Appellees Gilberto C. Torrez and Ercilia J. Torrez.[2] We affirm.

---

[1] See Tex. R. App. P. 47.4.

[2] According to Douglass's trial court pleadings, Ercilia is Gilberto's wife.

## Background

Douglass sued the Torrezes in October 2006 for "trespass of title," trespass to real property "with intent to assault," and intentional infliction of emotional distress. She alleged that in 1995 the Torrezes, who are her next-door neighbors, had built a fence that encroached on Douglass's property. She further alleged that she did not discover the encroachment until October 2003 when the Colleyville water department determined that the fence was on her side of the property line. Douglass also claimed that the Torrezes continually "cut[ ] down 'No Trespassing' signage" she had erected on her property, threw concrete blocks into her swimming pool, and attempted to assault her. She sought $80,000 in "back rent," $1 million in damages for attempted assault and intentional infliction of emotional distress, and an injunction to prevent further interference with her property rights.

Gilberto Torrez filed a pro-se answer, asserting a general denial and—as an affirmative defense—lack of consideration to support Douglass's "back-rent" claim. He also asserted ownership of the disputed property by adverse possession as a "counterclaim."[3]

---

[3] Ercilia did not file an answer.

The parties tried the case to the bench. The trial court rendered a take-nothing judgment. The court reporter filed in this court two volumes of exhibits but no transcript of the trial testimony.[4] Douglass filed an Appellant's brief.[5] Gilberto Torrez filed a notice that he did not intend to file an Appellee's brief.

**Discussion**

In four points, Douglass argues that the trial court erred by (1) not holding Gilberto in contempt of court when he allegedly perjured himself at trial; (2) denying Douglass's motion for continuance after Gilberto perjured himself;[6] (3) by not finding that Gilberto had trespassed on Douglass's property; and (4)

---

[4] On June 5, 2008, the court reporter notified this court that Douglass had not requested preparation of a reporter's record. On June 6, we notified Douglass that unless she made arrangements to designate and pay for the reporter's record and provided this court with proof of those arrangements by June 20, this court would consider and decide those issues that do not require a reporter's record for a decision. On June 19, Douglass designated and paid for the clerk's record, but she did not designate preparation of a reporter's record. Nevertheless, on September 26 and October 2, this court received two volumes of trial exhibits.

[5] In her brief, Douglass identifies trial exhibits that she claims show that Gilberto contaminated her house with "toxoplasma"; choked her dog; practiced witchcraft and voodoo in a parallel universe to make Douglass sick; trespassed on her property in a "bubble" traveling on electromagnetic waves in a parallel universe; launched daily "psychic attacks" against her; caused her left ear lobe to turn black and fall off; planted a parasite in her left ear drum; burned a hole in her stomach via psychic attack; and committed other acts of unneighborly conduct.

[6] The clerk's record does not contain written motions for contempt or continuance, and the limited reporter's record does not reflect any oral motions.

3

by not finding that Gilberto had intentionally inflicted emotional distress on Douglass by attempting to assault her.

An appellant has the burden to present to the appellate court a record that shows the error about which the appellant complains. *Hiroms v. Scheffey*, 76 S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Chapman v. Hootman*, 999 S.W.2d 118, 122 (Tex. App.—Houston [14th Dist.] 1999, no pet.). When a reporter's record is necessary for an appeal but is not filed through the fault of the appellant, the appellate court must presume the evidence supports the trial court's judgment. *Travelers Indem. Co. v. Starkey*, 157 S.W.3d 899, 905 (Tex. App.—Dallas 2005, pet. denied). After a bench trial, a trial court's findings of fact are conclusive unless the appellate court has a complete reporter's record. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *In re JC*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied).

We cannot review any of Douglass's points of error on the scant record—comprising two volumes of trial exhibits and no testimony—she caused to be filed in this court. *See In re JC*, 250 S.W.3d at 489. The record does not reflect Gilberto's alleged perjury, Douglass's motion for continuance, or any testimony from which we can evaluate the sufficiency of the evidence to support the trial court's judgment. Without testimony to explain the

4

significance of the exhibits filed with this court, the exhibits are inexplicable and probative of nothing.  We therefore overrule all of Douglass's points of error and affirm the trial court's judgment.  *See id*.

PER CURIAM

PANEL: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  April 30, 2009

5