COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-189-CV

 

 

JANET LOU DOUGLASS                                                       APPELLANT

 

                                                   V.

 

GILBERTO C. TORREZ AND                                                    APPELLEES

ERCILIA J. TORREZ

 

                                              ------------

 

           FROM THE 352ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Janet Lou Douglass, pro se, appeals the
trial court=s take-nothing judgment on her
claim for trespass against Appellees Gilberto C. Torrez and Ercilia J. Torrez.[2]  We affirm.








                                            Background

Douglass sued the Torrezes in October 2006 for Atrespass
of title,@ trespass to real property Awith
intent to assault,@ and intentional infliction of
emotional distress.  She alleged that in
1995 the Torrezes, who are her next-door neighbors, had built a fence that
encroached on Douglass=s property.  She further alleged that she did not discover
the encroachment until October 2003 when the Colleyville water department
determined that the fence was on her side of the property line.  Douglass also claimed that the Torrezes
continually Acut[ ] down >No
Trespassing= signage@ she had
erected on her property, threw concrete blocks into her swimming pool, and
attempted to assault her.  She sought
$80,000 in Aback rent,@ $1
million in damages for attempted assault and intentional infliction of
emotional distress, and an injunction to prevent further interference with her
property rights.

Gilberto Torrez filed a pro-se answer, asserting
a general denial andCas an affirmative defenseClack of
consideration to support Douglass=s Aback-rent@
claim.  He also asserted ownership of the
disputed property by adverse possession as a Acounterclaim.@[3]








The parties tried the case to the bench.  The trial court rendered a take-nothing
judgment.  The court reporter filed in
this court two volumes of exhibits but no transcript of the trial testimony.[4]  Douglass filed an Appellant=s brief.[5]  Gilberto Torrez filed a notice that he did
not intend to file an Appellee=s brief.


                                             Discussion








In four points, Douglass argues that the trial
court erred by (1) not holding Gilberto in contempt of court when he allegedly
perjured himself at trial; (2) denying Douglass=s motion
for continuance after Gilberto perjured himself;[6]
(3) by not finding that Gilberto had trespassed on Douglass=s
property; and (4) by not finding that Gilberto had intentionally inflicted
emotional distress on Douglass by attempting to assault her.

An appellant has the burden to present to the
appellate court a record that shows the error about which the appellant
complains.  Hiroms v. Scheffey,

76 S.W.3d 486, 489 (Tex. App.CHouston
[14th Dist.] 2002, no pet.); Chapman v. Hootman, 999 S.W.2d 118, 122
(Tex. App.CHouston [14th Dist.] 1999, no
pet.).  When a reporter=s record
is necessary for an appeal but is not filed through the fault of the appellant,
the appellate court must presume the evidence supports the trial court=s
judgment.  Travelers Indem. Co. v.
Starkey, 157 S.W.3d 899, 905 (Tex. App.CDallas
2005, pet. denied).  After a bench trial,
a trial court=s findings of fact are
conclusive unless the appellate court has a complete reporter=s
record.  Catalina v. Blasdel, 881
S.W.2d 295, 297 (Tex. 1994); In re JC, 250 S.W.3d 486, 489 (Tex. App.CFort
Worth 2008, pet. denied).








We cannot review any of Douglass=s points
of error on the scant recordCcomprising
two volumes of trial exhibits and no testimonyCshe
caused to be filed in this court.  See
In re JC, 250 S.W.3d at 489.  The
record does not reflect Gilberto=s
alleged perjury, Douglass=s motion for continuance, or any
testimony from which we can evaluate the sufficiency of the evidence to support
the trial court=s judgment.  Without testimony to explain the significance
of the exhibits filed with this court, the exhibits are inexplicable and
probative of nothing.  We therefore
overrule all of Douglass=s points of error and affirm the
trial court=s judgment.  See id.

 

 

PER
CURIAM

 

 

PANEL: GARDNER, J.;
CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED:  April 30, 2009











[1]See Tex. R. App. P. 47.4.





[2]According to Douglass=s trial court pleadings,
Ercilia is Gilberto=s wife.





[3]Ercilia did not file an
answer.





[4]On June 5, 2008, the
court reporter notified this court that Douglass had not requested preparation
of a reporter=s record.  On June 6, we notified Douglass that unless
she made arrangements to designate and pay for the reporter=s record and provided
this court with proof of those arrangements by June 20, this court would
consider and decide those issues that do not require a reporter=s record for a
decision.  On June 19, Douglass
designated and paid for the clerk=s record, but she did not designate preparation
of a reporter=s record.  Nevertheless, on September 26 and October 2,
this court received two volumes of trial exhibits.





[5]In her brief, Douglass
identifies trial exhibits that she claims show that Gilberto contaminated her
house with Atoxoplasma@; choked her dog;
practiced witchcraft and voodoo in a parallel universe to make Douglass sick;
trespassed on her property in a Abubble@ traveling on electromagnetic waves in a parallel
universe; launched daily Apsychic attacks@ against her; caused her
left ear lobe to turn black and fall off; planted a parasite in her left ear
drum; burned a hole in her stomach via psychic attack; and committed other acts
of unneighborly conduct.





[6]The clerk=s record does not contain
written motions for contempt or continuance, and the limited reporter=s record does not reflect
any oral motions.