**Affirmed and Memorandum Opinion filed October 18, 2011.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-00943-CV

---

### JOHN DOUGLAS WILSON, Appellant

### V.

### DELORES PATTERSON, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 945061**

---

## MEMORANDUM OPINION

In this case a woman sued her brother based upon his alleged failure to pay a promissory note. Following a non-jury trial at which the brother did not appear and at which no record was made of the proceedings, the trial court rendered judgment in favor of the sister. On appeal, the brother challenges (1) the legal and factual sufficiency of the evidence to support the trial court's judgment and (2) the trial court's denial of his motion for new trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dolores Patterson filed suit against her brother John Douglas Wilson seeking to recover based upon Wilson's alleged failure to pay a promissory note. Patterson alleged that she was the owner and holder of the note and that Wilson failed to pay the note. Wilson answered and asserted a general denial. Both in the trial court and on appeal Wilson has elected to represent himself.

Following a bench trial, which Wilson did not attend, the trial court rendered judgment in favor of Patterson. Wilson filed a motion for new trial, alleging that he did not receive adequate notice of the trial setting. The trial court granted Wilson's motion and ordered a new trial. When the trial court called the case for a second trial, Patterson announced that she was ready for trial, but Wilson again failed to appear. Because no party had requested a jury trial, the trial court proceeded with a bench trial. After considering the pleadings, the trial court's file, the evidence, and the arguments of counsel, the trial court rendered judgment in favor of Patterson. No record was made of the proceedings at trial.

Wilson filed a second motion for new trial, asserting various arguments but not lodging any complaint as to Wilson's notice of the second trial. The trial court denied Wilson's motion. Wilson appeals the trial court's final judgment, challenging the legal and factual sufficiency of the evidence to support the judgment and the trial court's denial of his second motion for new trial.

## II. ANALYSIS

In his first issue, Wilson asserts that the evidence is legally and factually insufficient to support the trial court's judgment. In his second issue, Wilson argues that the trial court erred in denying his motion for new trial because the note attached to the Patterson's petition does not support the relief granted in the trial court's judgment.

Our appellate record contains no record of the proceedings at trial because no record was made.[1] In the absence of a complete record, certain presumptions apply, unless the appeal is based upon a partial reporter's record. Wilson has not undertaken an appeal based upon a partial reporter's record, so this is not a Rule 34.6(c) case. *See* TEX. R. APP. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002). Therefore, our appellate record must contain a complete record of the trial; otherwise, we presume the omitted portions are relevant to the disposition of this appeal. *See Middleton v. Nat'l Fam. Care Life Ins. Co.*, No. 14-04-00428-CV, 2006 WL 89503, at *2 (Tex. App.— Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.). Because our appellate record contains no record of the trial proceedings, we presume that these proceedings support the trial court's judgment, and we cannot reach the merits of Wilson's two issues. *See Bennett*, 96 S.W.3d at 229; *Middleton*, 2006 WL 89503, at *2; *Hiroms v. Scheffey*, 76 S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

The application of this presumption often triggers very severe consequences, and this case is no exception. For example, we presume that evidence was introduced at trial that was legally and factually sufficient to support the trial court's judgment. We also presume that any alleged defect in the note attached to Patterson's petition did not preclude the recovery awarded in the trial court's judgment in light of the evidence at trial.[2] *See Middleton*, 2006 WL 89503, at *2. Applying the dual presumption—that the trial proceedings are relevant and that they support the trial court's judgment—to both of

---

[1] In his second motion for new trial, Wilson did not assert any complaint about the lack of a record of the trial proceedings. On appeal, Wilson has not assigned error or presented argument regarding any alleged error based upon the lack of such a record, any alleged failure by Patterson to request a record, or the trial court's failure to require that a record be made. Accordingly, any such alleged error is not before this court. *See* Tex. R. App. P. 38.1(f); *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986) (holding that "the court of appeals may not reverse a trial court's judgment in the absence of properly assigned error").

[2] For example, on appeal, Patterson asserts that there were deemed admissions based upon Wilson's failure to respond to requests for admissions.

3

the issues raised on appeal, Wilson cannot prevail on these issues.  Accordingly, we overrule Wilson's first and second issues.

The trial court's judgment is affirmed.


/s/     Kem Thompson Frost
Justice


Panel consists of Justices Frost, Jamison, and McCally.