**Affirmed and Plurality and Concurring Opinions filed January 17, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00804-CV

---

## M.B. "BENNY" DANESHJOU, INDIVIDUALLY AND AS THE REPRESENTATIVE OF DANESHJOU COMPANY, INC., Appellant

### V.

## ROBERT H. BATEMAN AND BATEMAN/PUGH, PLLC, Appellees

---

### On Appeal from the 129th District Court
### Harris County, Texas
### Trial Court Cause No. 2009-49701

---

## CONCURRING OPINION

Because the appellant did not comply with Texas Rule of Appellate Procedure 34.6(c), governing appeals on partial reporter's records, and because the appellate record does not contain a complete record of the trial, this court must presume the omitted portions of the record are relevant to the disposition of this appeal and that they support the trial court's judgment. Based upon this presumption, this court should overrule the appellant's two issues and affirm the

trial court's judgment.

After the jury's verdict, appellees/defendants Robert H. Bateman and Bateman Pugh, PLLC (hereinafter collectively "Bateman") filed a motion for judgment. In this motion, Bateman relied upon judicial dicta contained in *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 703 (Tex. 2000). But Bateman also argued he was entitled to judgment because "the judgment in the underlying case ultimately *settled* for $4 million, and Plaintiffs did not offer any evidence that the Bullocks would have agreed to take less after winning a $7.9 million judgment as opposed to one for $8.2 million."[1] Under Texas Rule of Civil Procedure 301, entitled "Judgments," the trial court's judgment must "conform to the pleadings, *the nature of the case proved* and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."[2] The trial court granted Bateman's motion for judgment and rendered judgment that appellant/plaintiff M.B. "Benny" Daneshjou, Individually and as the Representative of Daneshjou Company, Inc. (hereinafter "Daneshjou") take nothing on his claims against Bateman. The trial court recited that its judgment was based upon "the pleadings on file, *the evidence*, the stipulations of counsel, and the jury's verdict."[3]

On appeal, Daneshjou argues that the trial court erred in granting Bateman's motion and rendering a take-nothing judgment. Under his first issue, Daneshjou asserts that the trial court erred in granting Bateman's motion based upon the unambiguous language of the jury verdict and because there was evidence at trial

---

[1] (emphasis in original).

[2] Tex. R. Civ. P. 301. (emphasis added).

[3] (emphasis added).

that the underlying case could have been settled for less than $4 million. Under his second issue, Daneshjou argues that if the jury verdict is ambiguous, this court should remand the case for a new trial.

The plurality states that "to determine if a verdict is ambiguous, we must review the entire factual record."[4] The plurality further asserts that this court "must read an unambiguous verdict according to the ordinary import of the words used, in the light of the pleading upon which it is based, and *in light of the evidence* that has been heard to support or overthrow it."[5]

As noted by the plurality, this court does not have the entire record from the trial. The only portions of the record before this court are the jury charge, the transcript of the closing argument of Bateman's counsel, transcripts of the post-verdict hearings, and Daneshjou's trial exhibits. The record does not include any of the testimony heard by the jury or any of Bateman's exhibits presented as evidence at trial. Daneshjou has not followed the procedures under the Texas Rules of Appellate Procedure for an appeal based on a partial reporter's record.[6] Although Daneshjou requested a partial reporter's record, he did not submit a statement of points or issues to be presented on appeal, as required by Rule 34.6(c)(1).[7] Therefore, the appellate record must contain a complete record of the trial; otherwise, this court must presume the omitted portions are relevant to the disposition of this appeal.[8] Because the appellate record does not contain a

---

[4] *Ante* at p. 13.

[5] *Ante* at p. 5 (emphasis added and internal quotations omitted).

[6] *See* Tex. R. App. P. 34.6(c).

[7] *Id.*

[8] *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (stating that "[t]here is no question that, had [Bennett] completely failed to submit his statement of points of issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment"); *Middleton v. Nat'l Fam. Care Life Ins. Co.*, No. 14-04-00428-CV, 2006 WL 89503, at *2 (Tex. App.—Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.).

complete record of the trial, this court is duty-bound to presume that the missing parts are germane to the disposition of this appeal and that they support the trial court's judgment, which impliedly granted Bateman's motion.[9] Under this presumption, Daneshjou cannot prevail on his two issues.

Because the proper course is to affirm the trial court's judgment under this presumption, it is not necessary to address the judicial dicta from *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. See* 20 S.W.3d 692, 703 (Tex. 2000).  I respectfully disagree with the plurality's interpretation of the *Keck, Mahin & Cate* case and of the jury charge.  I also respectfully disagree with the plurality opinion to the extent it suggests that Question 3 of the jury charge was in substantially correct form under applicable law.

For these reasons, I respectfully decline to join the plurality opinion, but I concur in the court's judgment.


/s/     Kem Thompson Frost
Justice


Panel consists of Justices Frost, Christopher, and Jamison.  (Christopher, J., plurality) (Jamison, J., concurring).

---

[9] *See Bennett*, 96 S.W.3d at 229; *Middleton*, 2006 WL 89503, at *2; *Hiroms v. Scheffey*, 76 S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

4