**Affirmed and Memorandum Opinion filed February 5, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00256-CV

## JOHN GIRALDO, Appellant

## V.

## JUAN J. JIMENEZ PAVIA, Appellee

**On Appeal from County Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 950135**

## M E M O R A N D U M   O P I N I O N

This appeal involves an attorney's fees dispute arising in connection with a claim for wrongfully withholding a security deposit. We affirm the trial court's judgment.

### Background

Juan J. Jimenez Pavia sued John Giraldo for wrongfully withholding a security deposit in violation of the Texas Property Code. *Giraldo v. Pavia*, NO.

14-10-00780-CV, 2011 WL 4840712, at *1, (Tex. App.—Houston [14th Dist.] October 13, 2011, no pet.) (mem. op.). Pavia filed a motion for summary judgment, which the trial court granted on April 20, 2010. The trial court's summary judgment order states that "there were no genuine issues of material fact remaining on Pavia's cause of action for wrongfully withholding a security deposit in violation of Property Code sections 91.001, 92.103, 92.104, and 92.109." *Id*. at *2. The trial court awarded Pavia $3,400 in damages "along with $8,500 in attorney's fees, pre- and post-judgment interest and court costs, and additional attorney's fees for collection and in the event an appeal was unsuccessfully pursued by Giraldo." *Id*.

Giraldo appealed the trial court's judgment to this court on August 4, 2010. *Id*. This court held that the trial court did not err by granting summary judgment on Pavia's claim for recovery of the security deposit. *Id*. at *5. This court also held that the trial court erred by awarding Pavia attorney's fees because he failed to "conclusively prove the amount of his reasonable attorney fees" given that Pavia's affidavit in support of attorney's fees was not notarized and thus was not competent summary judgment evidence. *Id*. This court reversed and remanded "the portion of the final judgment awarding past and potential future attorney's fees to the trial court for further proceedings." *Id*. at *7.

The trial court held a bench trial regarding attorney's fees on remand on January 25, 2012. The trial court signed a Final Judgment awarding Pavia "the sum of $25,000 as attorneys' fees to this final judgment" and "$10,000 as attorneys' fees if this case is appealed to the Court of Appeals and [Pavia] prevails." After Giraldo filed a Motion to Modify, Correct, or Reform Judgment, the trial court signed an Amended Final Judgment on February 9, 2010, reducing Pavia's attorney's fees award and awarding him "the sum of $18,000 as attorneys'

fees to this final judgment" and "$8,000 as attorneys' fees if this case is appealed to the Court of Appeals and [Pavia] prevails." Giraldo timely appealed the trial court's Amended Final Judgment.

## Analysis

In his first issue, Giraldo argues that the "question before the court is whether attorney fees are considered as a cost of litigation." Giraldo "contend[s] that attorney fees are cost and because each side prevailed in the underlying appeal on an issue that attorney fees for the appeal should and were intended to be split since both parties hired attorneys and incurred cost in pursuing the appeal."

As a general rule, attorney's fees are not costs. *See Equitable Gen. Ins. Co. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984); *Warnock v. Warnock*, No. 14-94-01049-CV, 1996 WL 606987, at *8 (Tex. App.—Houston [14th Dist.] Oct. 24, 1996, no writ) (not designated for publication). The term "costs" usually refers to "fees and charges required by law to be paid to the courts or some of their officers, the amount of which is fixed by statute or the court's rules, for example filing and service fees." *Hatfield v. Solomon*, 316 S.W.3d 50, 66 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Sterling Bank v. Willard M, L.L.C.*, 221 S.W.3d 121, 125 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).

Additionally, the Bill of Costs issued by this court following Giraldo's appeal listed a filing fee of $175 and a clerk's record fee of $53 as court costs in the appellate court and stated, "The costs incurred on appeal to the Fourteenth Court of Appeals Houston, Texas are $228.00. Court costs shall be paid as per the Judgment issued by this Court." The Bill of Costs did not mention attorney's fees.

Because attorney's fees are not costs, we overrule Giraldo's first issue.

In his second issue, Giraldo argues that the trial court erroneously awarded

Pavia appellate attorney's fees without considering that Giraldo prevailed in the first appeal on his complaint regarding the amount of attorney's fees the trial court had awarded in the summary judgment. Citing *Smith v. Smith*, 757 S.W.2d 422, 426 (Tex. App.—Dallas 1988, writ denied), Giraldo states that an appellee is entitled to appellate attorney's fees only if the appellant is unsuccessful on appeal; therefore, according to Giraldo, the trial court should determine reasonable attorney's fees to be awarded to Pavia on remand because Giraldo partially succeeded in the first appeal. Giraldo contends that, "[s]ince the [first] appeal was successful on two issues[,] Appellate attorney fees should not be awarded to [Pavia]."

In his third issue, Giraldo contends that the trial court's $18,000 attorney's fees award to Pavia is excessive and unreasonable because the case "was not complex with multiple issues" and "was not litigated for a long time."

Giraldo did not request findings of fact or conclusions of law pursuant to Texas Rule of Civil Procedure 296, and the trial court filed none. When no findings of fact or conclusions of law are requested or filed in a bench trial, it is implied that the trial court made all necessary findings to support its judgment. *Preston Reserve, L.L.C. v. Compass Bank*, 373 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Further, Giraldo failed to file a reporter's record, despite this court's April 5, 2012 letter informing him that this court "would consider and decide those issues that do not require a reporter's record unless [Giraldo], within 15 days of notice, provided this court with proof of payment for the record." The burden is on the complaining party to present a sufficient record to the appellate court to show error requiring reversal. *Hiroms v. Scheffrey*, 76 S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Public policy favors the validity of judgments; "the presumption of validity

4

is perhaps even stronger in a bench trial." *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Where the record is silent, the presumption of validity will supply by implication every proof, element, factual finding, or proper application of the law needed to support the judgment. *Vickery*, 5 S.W.3d at 251. Thus, where there is neither a reporter's record nor findings of fact, the appellate court will assume the trial court heard sufficient evidence to make all the necessary findings needed to support its judgment. *Hebisen*, 217 S.W.3d at 536; *Vickery*, 5 S.W.3d at 251.

Because there is no record of the proceedings on remand, there is nothing before us to support Giraldo's assertion that the trial court did not consider that Giraldo was partially successful in the first appeal; there also is nothing before us to support Giraldo's contention that the attorney's fees award was excessive. Without a record, we must assume that the (1) trial court considered the fact that Giraldo was partially successful in the first appeal in awarding Pavia appellate attorney's fees; and (2) attorney's fees award was not excessive. Accordingly, we overrule Giraldo's second and third issues.

## Conclusion

We affirm the trial court's judgment.

/s/    William J. Boyce
Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

5