**Affirmed and Opinion Filed March 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01708-CV

### HAL RACHAL, JR., Appellant
### V.
### LYNDA L. LETKIEWICZ AND RHONDA GAYLE FOSTER, Appellees

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-09-2413-2**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Appellant, pro se, appeals the trial court's judgment awarding damages and imposing a constructive trust. In two issues, appellant appears to argue that the trial court erred in imposing a constructive trust and the commingling doctrine does not apply. We affirm the trial court's judgment.

Lynda L. Letkiewicz, individually and as successor trustee of the Mary Louise Cornell Trust (the "Trust") and Rhonda Gail Foster (together, "Plaintiffs") sued Hal Rachal for breach of fiduciary duty, conversion, fraud, defalcation, and misapplication of fiduciary funds. Appellant appeared pro se, and upon the conclusion of trial, the trial court awarded judgment against appellant and in favor of Plaintiffs in the amount of $524,242.93. The judgment further provided that Rachal comingled assets with his own, and therefore all transfers of funds to brokerage

accounts, bank account balances and funds held in the name of Rachal or Rachal and Associates or Rachal & Associates should be held in constructive trust and an equitable lien imposed for the benefit of Plaintiffs on certain specified assets, including a residence located at 10555 Pagewood, Dallas, Texas (the "Residence").

In two issues, appellant complains about the imposition of a constructive trust on the Residence and the application of the commingling doctrine. Appellant is pro se before this Court. We hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). The rules of appellate procedure require a party's brief to contain a "clear and concise argument" for the party's contentions and "appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). A party who fails to support his or her contentions with authority or citations to the record when appropriate waives the issue due to inadequate briefing. *See Morrill v. Cisek*, 226 S.W.3d 545, 548–49 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding party waived issues by failing to cite to record and authority); *Lueg v. Lueg*, 976 S.W.2d 308, 310 (Tex. App.—Corpus Christi 1998, pet. denied) (same). We are not required to sort through the record to find facts to support appellant's position. Otherwise, our independent review of the record would transform the court from a neutral adjudicator to an advocate. *Valdez v. Avita,* 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

Here, appellant not only failed to provide citations to the record; there is no reporter's record at all. The trial court denied appellant's request to find him indigent, so there is nothing in the record to suggest that appellant is unable to pay for a the record. We have granted appellant several extensions on his briefing deadlines, so appellant has had more than adequate time to procure the record. An appellant has the burden to present a record to the appellate court that

shows the error about which he complains. *Hiroms v. Scheffy*, 76 S.W.3d 486, 489 (Tex. App. — Houston [14th Dist.] 2002, no pet.). Moreover, appellant's statement of facts does not relate to the pleadings filed or the procedural events that occurred in the trial court. Likewise, his argument consists of conclusions and does not provide meaningful analysis in support of his contentions. Under these circumstances, we conclude appellant has waived any complaints regarding the trial court's judgment. The trial court's judgment is affirmed.

111708F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HAL RACHAL, JR., Appellant

No. 05-11-01708-CV          V.

LYNDA L. LETKIEWICZ AND RHONDA
GAYLE FOSTER, Appellees

On Appeal from the Probate Court No. 2,
Dallas County, Texas
Trial Court Cause No. PR-09-2413-2.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees LYNDA L. LETKIEWICZ AND RHONDA GAYLE FOSTER recover their costs of this appeal from appellant HAL RACHAL, JR..

Judgment entered March 17, 2014

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE