

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00561-CV

Patrick **MINOR**,
Appellant

v.

Patrick **STONE** and Coker Tire Co.,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2017CV03485
Honorable David J. Rodriguez, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:      Karen Angelini, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: November 21, 2018

AFFIRMED

Patrick Minor filed a small claims petition in the justice court against Patrick Stone and Coker Tire Co.[1] Minor complained that two of the tires he bought from Patrick Stone and Coker Tire Co. "blew out" and caused damage to his vehicle. He sought damages of $10,000, or four new tires and his vehicle restored to the condition it was before his accident.

---

[1] Minor named his defendants as Patrick Stone and "KOKAA TIRE CORP." In their answer, the defendants clarified that the name of the company is Coker Tire Co.

Patrick Stone of Coker Tire Co. in Chattanooga, Tennessee, filed an answer with the justice court and made the following assertions: Minor purchased his Coker Classic Whitewall tires through Discount Tire in 2014. During the summer of 2015, Minor experienced rapid air loss on two of his tires. After Minor demanded Stone and Coker Tire Co. pay for damages to his vehicle and new tires, Stone spoke with the manager of the Discount Tire location who had dealt with Minor's vehicle. The manager reported one of the tires had a nail in it, which caused the rapid air loss, and the other tire showed signs of abnormal wear due to the vehicle's suspension issues. After Stone and Coker Tire Co. received the two tires, they inspected the tires and confirmed the Discount Tire manager's conclusion. Stone spoke with Minor and informed him that his tires failed because of a road hazard and uneven wear due to suspension problems with his vehicle. Stone told Minor that neither one of these issues was covered under the warranty. As a customer service courtesy, Stone and Coker Tire Co. offered to replace all four of Minor's tires and cover mounting and balancing. Minor declined.

Minor's case was set for trial in the justice court on May 23, 2017. On May 19, 2017, Minor filed a motion for continuance. On May 22, 2017, the justice court denied his motion for continuance. On May 23, 2017, Minor did not appear at trial, and his case was dismissed for want of prosecution. Minor then appealed to the county court. In response, Stone and Coker Tire Co. filed a general denial. The case was set for a non-jury trial on August 24, 2017. No reporter's record was taken. On August 25, 2017, the county court signed a Take-Nothing Judgment, stating that all parties appeared and after hearing the evidence, the court found Minor should take nothing with respect to each and every claim and cause of action asserted in the case. Minor filed a notice of appeal.

Minor has filed a pro se brief but has not brought forth any legal arguments explaining why the county court erred in finding against him at trial. Nor has Minor cited to evidence in the record

that would support any assertion that the county court erred in signing the take-nothing judgment. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Instead, Minor generally argues that he purchased the tires with a warranty and they malfunctioned, leaving him with a damaged vehicle. Minor complains that Stone lied to the judge even though the judge heard a tape recording of Stone "saying that he was going to provide me with 4 tires." Although Minor makes these claims in his brief, the appellate record is devoid of any evidence as no reporter's record was taken at trial, and no exhibits were admitted in evidence.

The appellant has the burden to present a record to the appellate court that shows the error about which the appellant complains. *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Hiroms v. Scheffey*, 76 S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.). When an appellant intends to raise any challenge involving the evidence or argument presented to a fact-finder, a reporter's record is necessary. *See Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 (Tex. 2015). Without a reporter's record, an appellate court will decide the appeal based on the briefs and the clerk's record alone. *Am. Homeowner Pres. Fund, LP v. Pirkle*, 475 S.W.3d 507, 529 & n.28 (Tex. App.—Fort Worth 2015, pet. denied). The clerk's record in this appeal does not reflect that at trial Minor requested a court reporter take a record or objected to the failure of a court reporter to do so. *See Hiroms*, 76 S.W.3d at 489; *Wells Fargo Bank, N.A. v. Edwards*, No. 04-11-00527-CV, 2012 WL 2021803, at *3 (Tex. App.—San Antonio 2012, no pet.). Nor does the clerk's record reflect that Minor requested that the trial court make findings of fact and conclusions of law. When, as here, there is no reporter's record, and findings of fact and conclusions of law were neither requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain its judgment. *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas 2008, no pet.); *Wiegand v. Kinnard*, No.

07-15-00406-CV, 2016 WL 1238183, at *1 (Tex. App.—Amarillo 2016, no pet.); *see Willms v. Am. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). Accordingly, we affirm the judgment of the trial court.

Karen Angelini, Justice