# NO. 12-18-00207-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE* | § | *APPEAL FROM THE 3RD* |
| *COMMITMENT OF* | § | *JUDICIAL DISTRICT COURT* |
| *JUSTIN RAY HEBERT* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Justin Ray Hebert appeals his commitment following the trial court's adjudication that he is a sexually violent predator. In three issues, Hebert contends that the trial court abused its discretion in admitting irrelevant and unduly prejudicial evidence and the evidence is legally and factually insufficient to support the trial court's judgment. We affirm.

## BACKGROUND

Hebert is an inmate, who currently is serving two ten-year sentences for indecency with a child by contact. On May 3, 2017, the State filed a petition seeking to have Hebert adjudicated a sexually violent predator and committed for treatment and supervision pursuant to Texas Health and Safety Code, Chapter 841. A jury found beyond a reasonable doubt that Hebert is a sexually violent predator. On that basis, the trial court entered a final judgment and order of civil commitment. Hebert filed a motion for new trial, which was denied. This appeal followed.

## ADMISSIBILITY OF EVIDENCE

In his first issue, Hebert argues that the trial court abused its discretion in admitting his testimony that he engaged in multiple homosexual relationships while incarcerated.

When reviewing a trial court's ruling on admissibility of evidence, we must uphold the trial court's decision absent an abuse of discretion. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995); *McClellan v. Benson*, 877 S.W.2d 454, 458 (Tex. App.–Houston [1st Dist.]

1994, no writ). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *Alvarado*, 897 S.W.2d at 754.

To preserve error for appellate review the complaining party must timely and specifically object to the evidence and obtain a ruling. *See* TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1). Error is waived if the complaining party allows the evidence to be introduced without objection. *Bay Area Healthcare Grp. Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007). Additionally, any error in the admission of evidence is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection. *See Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004); *Austin v. Weems*, 337 S.W.3d 415, 421 (Tex. App.–Houston [1st Dist.] 2011, no pet.). Thus, a party fails to preserve error if it does not object to the same or similar evidence that is offered by the opposing party. *See Marin v. IESI TX Corp.*, 317 S.W.3d 314, 324 (Tex. App.–Houston [1st Dist.] 2010, pet. filed).

In the instant case, Hebert contends that the trial court erred by admitting, over his objection his testimony that he engaged in multiple homosexual relationships while incarcerated. However, subsequently, Dr. David Self testified as an expert on the State's behalf. During his testimony, Self testified that Hebert spoke to him about having sex in prison. He further testified that Hebert informed him that he had had seven sexual partners while in prison. Hebert offered no objection to Self's testimony on this topic. Therefore, because Hebert failed to object to Self's testimony on this subject, we hold that he failed to preserve error with regard to the trial court's overruling his objection to the same or similar testimony elicited from him by the State earlier in the proceedings. Hebert's first issue is overruled.

## EVIDENTIARY SUFFICIENCY

In his second and third issues, Hebert argues that the evidence is neither legally nor factually sufficient to support the jury's finding that he is a sexually violent predator.

### Standard of Review and Governing Law

In reviewing the legal sufficiency of the evidence supporting an appellant's civil commitment as a sexually violent predator, we use the same legal sufficiency standard that we use in criminal cases. *In re Commitment of Stuteville*, 463 S.W.3d 543, 551 (Tex. App.–Houston [1st Dist.] 2015, pet. denied). In so doing, we assess the evidence in the light most favorable to the

verdict to determine whether any rational trier of fact could find the statutory elements required for commitment beyond a reasonable doubt. *Id.*

In reviewing the factual sufficiency of the evidence supporting an appellant's civil commitment as a sexually violent predator, we weigh all the evidence to determine whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel our ordering a new trial. *See id.* We will reverse only if we determine, after weighing the evidence, that the risk of injustice is too great to permit the verdict to stand. *See id.*

To meet its burden of proof in a sexually violent predator civil commitment case, the State must prove beyond a reasonable doubt that a person is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.062 (West 2017). A person is considered a "sexually violent predator" if he (1) is a repeat sexually violent offender, and (2) suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a) (West 2017). A "behavioral abnormality" is defined as a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person. *Id.* § 841.002(2) (West 2017). If, after a trial, a trial court or jury determines that a person is a sexually violent predator, the judge must commit him for treatment and supervision. *See id.* § 841.081(a) (West 2017).

**The Evidence at Trial**

In the instant case, Hebert testified that he currently is serving sentences on two convictions for indecency with a child by contact. The trial court admitted a judgment into evidence demonstrating Hebert's convictions for indecency. Therefore, the record reflects that Hebert is a repeat sexually violent offender. *See id.* § 841.002(8)(A); TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2018) (indecency with child by contact is sexually violent offense).

Self testified that he is a medical doctor who is specialty trained in psychiatry and subspecialty trained in forensic psychiatry. He also testified that he is board certified in general psychiatry and has practiced forensic psychiatry for over twenty years. Self discussed the legal definition of "behavioral abnormality"[1] and explained his understandings of its components. He stated that he has conducted evaluations for behavioral abnormalities since 1999, and estimated that

---

[1] Self described it as a "[c]ongenital or acquired condition that by virtue of affecting a person's volitional or emotional capacity, predisposes them to commit acts of sexual violence to the extent that they put other people at risk."

3

he has performed between eighty and one hundred such evaluations. Self further stated that he used a standard methodology for medical inquiries because there is no specific test for a behavioral abnormality. Self testified that he reviewed records pertaining to Hebert and met with him in person. Ultimately, he based his opinion about Hebert on certain risk factors.

### History of Prior Sexually Violent Crimes

Self discussed his review of Hebert's records as they pertained to past offenses he committed. Self noted that Hebert was placed on probation for committing an offense against a four-year-old girl by penetrating her vagina with his finger when he was eleven-years-old. He further noted that Herbert later committed an offense against a four-year-old boy and again was placed on probation. Self described Hebert's recounting of this offense as "glib" and lacking in empathy and remorse. He testified that people like Hebert, who lack empathy and remorse, are more likely to commit bad acts.

Self also noted that at eighteen years of age, Hebert committed an offense against his five-year-old stepsister. Self stated that, according to the records he reviewed, there were multiple occasions when Hebert attempted to penetrate his stepsister while simulating sexual intercourse. Specifically, Hebert told Self that the two of them were playing house and he could not penetrate her vagina or anus because they were too small.

Based on Hebert's history of offenses, Self identified the following risk factors: (1) sexual deviance; (2) victims of young ages; (3) victims who are both male and female; (4) victims who were strangers; (5) being tolerant of sexual assaults; (6) using force and a weapon; and (7) beginning to commit offenses at such a young age. Self stated that selecting a stranger to victimize speaks of an inability to control behavior. He further stated that the earlier a person begins committing offenses, the greater the risk is that that person will reoffend. With regard to Hebert, Self testified that having both male and female victims gives him a very large pool of victims from which to choose, which further increases his risk for reoffending. He also testified that Hebert's current attitude about his past crimes shows that he has no shame or remorse. Additionally, Self noted that Hebert regrets going to prison, but does not regret committing the offenses.

### Lifestyle Instability

Self testified that another major risk factor is an antisocial orientation. Self further testified that Hebert has limited intellect, no job experience, and no support system. He noted that Hebert's criminality is confined to sexual offenses. But, according to Self's testimony, the earlier a person

4

begins to break rules, the more likely that person is to continue breaking them for the rest of his life. Self noted that Hebert twice was adjudicated delinquent in the juvenile system. Self further noted that Hebert's antisocial traits and borderline personality traits are among his risk factors.

### IQ and Age Correlation with Reoffending

Self also discussed the fact that Hebert's low IQ categorizes him just above what once was referred to as mentally retarded. According to Self, Hebert's low IQ adds to his inability to cope with stress and is a clear risk factor for his reoffending.

Self explained that reoffending after treatment is a significant risk factor, as is persistent bad behavior after punishment. Self noted that Hebert reoffended twice after punishment and once after treatment. Thus, Self opined that Hebert's reoffending demonstrates his inability to control his behavior. Indeed, Hebert expressed concern about his reoffending.

Self also noted that Hebert is twenty-eight-years-old. His age, according to Self, places him at a peak time sexually and aggressively. He noted that pedophiles who like little boys are the most likely to offend the longest.

### Lack of Protective Factors

Self testified that protective factors generally include successful treatment, insight, remorse, employability, and social support. Self also testified that Hebert has no such protective factors. Self stated that Hebert definitely needs sex offender treatment, but it will be difficult because of his low intellect.

### Pedophilia

Using the Diagnostic and Statistical Manual, Self diagnosed Hebert with pedophilic disorder. According to Self, Hebert is attracted to males and females and has recurrent sexual urges, fantasies, or attraction to prepubescent children, which Hebert has experienced for years. Self stated that Hebert's sexual criminal history is evidence of his disorder. Self further stated that Hebert admitted to him that he has some attraction to children. Self testified that Hebert said he used to masturbate to thoughts of children, but had not done so since 2014. However, Self also testified that Hebert stated he still is sexually attracted to children and adults.

Self stated that pedophilic disorder is a chronic, lifelong condition. He explained that it is a congenital or acquired condition, which has affected Hebert's emotional and volitional capacity to the degree that he has serious difficulty controlling his behaviors. Self noted that Hebert repeatedly

5

reoffended, even after he was caught, was punished, and received treatment. Self opined that Hebert always will be sexually attracted to children.

Self testified that Hebert is sexually preoccupied. He noted that Hebert stated that he masturbated five times per day. Self further testified that even though it is against prison rules to have a sexual relationship, Hebert has had seven sexual partners while incarcerated. Self explained that sex is Hebert's coping mechanism when he becomes bored. He concluded that Hebert "can't abstain from sexual behavior[.]"

### *Personality Disorder*

Self stated that Hebert has a nonspecific personality disorder. He elaborated that Hebert has antisocial traits, but those traits do not rise to the level that would support his being diagnosed with an antisocial personality disorder. Self also described Hebert as having traits of a borderline personality such as rage, self-harm, and an unstable identity. Self noted that in 2015, Hebert carved the letters "FTW" into his thigh.[2]

### *High Risk to Reoffend*

Hebert was given an actuarial test called "Static-99R." This test takes into account historical facts, which have been determined to be risk factors for reoffending sexually. Self testified that Hebert scored a 6, which places him in the high-risk group of offenders. According to Self, Hebert's score indicates that he is three times more likely to reoffend than the typical sex offender who has been released from prison. But Self noted that Hebert's score does not mean that he has a behavioral abnormality. Nonetheless, based on his review of the information in his possession, Self agreed that the risk of Hebert's reoffending is high.

### *Behavioral Abnormality*

Ultimately, Self testified that based on his training, experience, and the methodology he employed, it is his expert opinion to a reasonable degree of medical certainty that Hebert has a behavioral abnormality, which makes him likely to engage in a predatory act of sexual violence. Self elaborated that Hebert's sexual deviance and his antisocial lifestyle form his behavioral abnormality.

## Discussion

Hebert argues, among other things, that the evidence establishes that he is not a psychopath. However, a person's psychopathy is not a requisite finding that must be made in support of his

---

[2] According to Self, "FTW" is an acronym for "F*ck the World."

commitment as a sexually violent predator. *See **In re Commitment of H.L.T.***, 549 S.W.3d 656, 660 (Tex. App.–Waco 2017, pet. denied) ("The only part of the SVP statute that calls for psychopathy testing is [S]ection 841.023(a), which applies only to the expert retained to assist TDCJ in its determination of whether to refer the person to the attorney for the State").

Hebert further argues that his score on the Static-99R test is not indicative that he is at the highest risk for reoffending. However, Self testified that Hebert's score places him in the high-risk group of offenders and he is three times more likely to reoffend than the typical sex offender who has been released from prison. *See, e.g.*, ***In re Commitment of Harris***, 541 S.W.3d 322, 326 (Tex. App.–Houston [14th Dist.] 2017, no pet.) (evidence supported finding that the appellant is sexually violent predator in spite of low score on Static-99R test).

## Summation

After reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could find the statutory elements required for commitment beyond a reasonable doubt. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.002(2), 841.003(a); *Stuteville*, 463 S.W.3d at 551. We further conclude, after weighing all the evidence, that the risk of injustice is not too great to allow the verdict in this case to stand. *See Stuteville*, 463 S.W.3d at 551. Accordingly, we hold that the evidence is legally and factually sufficient to support the trial court's judgment. Hebert's second and third issues are overruled.

## DISPOSITION

Having overruled Hebert's first, second, and third issues, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered April 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 10, 2019

NO. 12-18-00207-CV

**IN RE COMMITMENT OF JUSTIN RAY HEBERT**

Appeal from the 3rd District Court
of Anderson County, Texas (Tr.Ct.No. DCCV17-263-3)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*