# NO. 12-22-00282-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: COMMITMENT OF* | § | *APPEAL FROM THE 159TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *TIMOTHY LYNN LOVING, JR.* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Timothy Lynn Loving, Jr. appeals his commitment following the trial court's adjudication that he is a sexually violent predator. In one issue, Loving contends that the trial court abused its discretion in admitting testimony from the State's expert witness in response to a question which presumed a standard not recognized in the scientific community. We affirm.

## BACKGROUND

Loving is an inmate, who currently is serving an eighteen-year sentence for aggravated sexual assault of a child, and who previously was convicted of and incarcerated for sexual assault of a child. On September 16, 2021, the State filed a petition seeking to have Loving adjudicated a sexually violent predator and committed for treatment and supervision pursuant to Texas Health and Safety Code, Chapter 841. A jury found beyond a reasonable doubt that Loving is a sexually violent predator. On that basis, the trial court entered a final judgment and order of civil commitment. Loving filed a motion for new trial, which was overruled. This appeal followed.

In his sole issue, Loving argues that the trial court abused its discretion in admitting testimony from the State's expert witness which improperly was bolstered by the phrase "beyond a reasonable degree of scientific certainty."[1]

## Standard of Review

Evidentiary rulings are committed to the trial court's sound discretion. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). We review a trial court's decision to admit or exclude evidence for an abuse of that discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

## Expert Testimony

In the instant case, Forensic Psychologist/Neuropsychologist Jennifer McGarrahan testified on behalf of the State. She described the evaluations she performs in such cases as consisting of the review of records, in-person and clinical interviews, and an actuarial process, which provides guidance on what the risk factors are for the person's engaging in repeat, sexual offending, as well as a determination of the person's psychopathic characteristics. According to McGarrahan, in Loving's case, she reviewed police reports, witness statements, plea agreements, judgments, information related to the assessment of Loving's sentence, records of his disciplinary issues during his incarceration, and sex-offender-treatment-provider records. McGarrahan evaluated Loving as having an abnormal-behavioral condition she characterized as a paraphilic or hebephilia disorder, which she described as "intense sexually arousing urges, fantasies, [and] behaviors" involving children between the years of post-pubescence and teenage adolescence. She acknowledged that some camps in the mental health community do not see such a condition as "deviant," but stated that she is not aware that either view predominates.

---

[1] Loving frames his first issue as a challenge to the legal sufficiency of the evidence. However, in his brief, he makes no argument that reasonably can be construed as a legal sufficiency challenge. Rather, his argument focuses on the trial court's admission, over his objection, of a single portion of the State's expert witness's testimony. As required, we have construed Loving's sole issue as a challenge to the admissibility of this testimony, which fairly includes the subsidiary argument that, had his objection been sustained, the absence of such expert testimony would result in there being insufficient evidence to support the trial court's judgment. *See* TEX. R. APP. P. 38.1(f).

In reaching this finding, McGarrahan testified that she evaluated Loving using the "Static-99R," which measures static factors, i.e., things that will not change over time. She testified that Loving's score of "5" indicated that he is "above average risk" for reoffending compared to other sex offenders. McGarrahan also evaluated Loving using the "Structured Risk Assessment" evaluation, which is used to determine "deviancy" by examining a person's interpersonal relationships and his ability to manage his behavior and cope with situations. McGarrahan stated that with respect to dynamic risk factors, Loving scored "above average" for reoffending compared to other sex offenders.

**Testimony at Issue**

The testimony about which Loving complains resulted from the following exchange during the State's examination of McGarrahan:

> Q. After reviewing all of the records [and] your interview with Mr. Loving, based on your education, training, and experience and procedures used, do you find beyond a reasonable degree of scientific certainty that Mr. Loving suffers from a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence?
>
> [Loving's Counsel]: I'm going to object to any kind of reasonable degree of scientific certainty. There's no standard related to a reasonable degree of scientific certainty.
>
> [State's Attorney]: She is a forensic expert, and that is -- she has to hold herself to that standard before she can come in and testify in a courtroom. So I believe that it's a proper question for her to explain the belief in her own testimony and her opinion.
>
> [BENCH CONFERENCE]
>
> THE COURT: I think I understand your objection, and it may be the real core of it is you don't think there is a standard.
>
> [Loving's Counsel]: There is not a standard and there is movement right now to move away from using it because you're using a degree of --
>
> THE COURT: Okay.
>
> [Loving's Counsel]: -- scientific certainty, which has a couple of components, certainty, which is over-inflating what the opinion is and especially when we're in a beyond reasonable doubt burden. And --
>
> THE COURT: Okay. I got the gist of you -- like the limit, though, with all due respect, is you say there's a trend or there's a movement, but there has not been any case authority adjudication that it's not permissible at this time.
>
> [Loving's Counsel]: There is none, Your Honor.
>
> . . . .

THE COURT: Okay. I'm going to overrule your objection, but on the record in front of the jury, I'm going to tell them that you will have free liberty to challenge that on your cross-examination. And I'm not saying you do, but I'm just saying if you want to make that point, I'll permit it. But at this time, there being an absence of case authority that says that they can't rely upon what that standard may be and it's not permissible in a court of law, I've got the objection.

[LOVING'S COUNSEL]: Thank you, Your Honor.

THE COURT: All right. Thank you. We good with that?

[LOVING'S COUNSEL]: Oh, yes.

THE COURT: All right.

(End of bench conference)

THE COURT: Thank you for your patience, ladies and gentlemen. I'm going to overrule the objection, but I have informed Counsel that he can question and cross-examine the witness as to that standard and the basis of it if he so desires. You may continue.

DIRECT EXAMINATION CONTINUED

Q. Okay. Do you still know the question?

A. I believe so, yes.

Q. Okay.

A. I do. My opinion is that Mr. Loving does have a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence.

## Discussion

Here, it is apparent from the record that the trial court carefully considered Loving's objection to the "reasonable degree of scientific certainty" standard set forth in the State's question. Indeed, the trial court inquired of Loving whether there existed "any case authority" suggesting that such a standard is impermissible. Loving candidly responded, "There is none[.]"

Even if the trial court's ruling did amount to an abuse of discretion, the outcome of this appeal would not differ. When a trial court abuses its discretion in admitting certain evidence, reversal only is appropriate if the error was harmful, i.e., it probably resulted in an improper judgment. *See **U-Haul Int'l, Inc. v. Waldrip**, 380 S.W.3d 118, 132 (Tex. 2012); *see also* TEX. R. APP. P. 44.1. In analyzing whether the trial court's error was harmful, we review the entire record, and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted. ***Kia Motors Corp. v. Ruiz***, 432 S.W.3d 865, 883 (Tex. 2014).

Here, Loving makes no attempt to demonstrate that the trial court's judgment turns on the jury's opportunity to consider the "reasonable degree of scientific certainty" standard as posed in the State's question to McGarrahan. *See id.* Nonetheless, in our review of the record, we first note that nowhere in the record apart from the State's question and Loving's objection thereto did the jury hear the words "reasonable degree of scientific certainty." Indeed, despite the trial court's instruction to the jury, which was made with Loving's accord, Loving declined to cross examine McGarrahan about the standard by which the State sought to elicit her expert opinion testimony. But most importantly, we note that following Loving's objection, the State did not repeat its question to McGarrahan. Instead, it asked her if she remembered it. She stated that she did, but her answer was not entirely responsive to the question. Instead, she stated more generally that her "opinion is that Mr. Loving does have a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence." Therefore, even assuming arguendo that the trial court's admission of this testimony was an abuse of discretion and that Loving had, in fact, attempted to demonstrate that the judgment turns on that evidence, based on our review of the record, we conclude that the evidence was not harmful. *See id.* Loving's sole issue is overruled.[2]

## DISPOSITION

Having overruled Loving's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Because we have determined that there was no harm resulting from the trial court's admission of the testimony at issue, to the degree Loving's legal sufficiency contention is contingent on that conclusion, it likewise fails. Furthermore, despite Loving's failure to make any specific legal sufficiency argument, based on our review of the record and, in particular, McGarrahan's testimony, there is legally sufficient evidence to support the trial court's judgment. *See, e.g.*, ***In re Hebert***, 578 S.W.3d 154, 156–57 (Tex. App.–Tyler 2019, no pet.) ("A person is considered a 'sexually violent predator' if he (1) is a repeat sexually violent offender and (2) suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence").



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00282-CV**

**IN RE: COMMITMENT OF TIMOTHY LYNN LOVING, JR.**

Appeal from the 159th District Court
of Angelina County, Texas (Tr.Ct.No. CV-01335-21-09)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*