

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALAN J. LIMUEL, | § | No. 08-23-00041-CV |
| Appellant, | § | Appeal from |
| v. | § | 201st Judicial District Court |
| CITY OF AUSTIN, | § | of Travis County, Texas |
| Appellee. | § | (TC# D-1-GN-19-001786) |

## **MEMORANDUM OPINION**

Following a five-day jury trial on Alan Limuel's employment discrimination claims against the City of Austin, the jury found in the City's favor on all but one of Limuel's claims and awarded him no damages. Proceeding pro se, Limuel appeals several rulings by the trial court and the jury's finding of no damages. We affirm.[1]

### *Background*

Limuel began working for the City as an operator in the Austin Resource Recovery Department in July 2015. His employment with the City was marred by a series of corrective actions and conflicts with other City employees and supervisors, which the City characterizes as

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals to the extent they might conflict with our own. *See* TEX. R. APP. P. 41.3.

stemming from Limuel's performance or behavioral issues and Limuel characterizes as illegal retaliation by the City. Limuel filed a series of five discrimination charges with the Equal Employment Opportunity Commission beginning in August 2017, which complained of sexual harassment, discrimination, and retaliation.

In April 2019, Limuel sued the City for retaliation and sexual harassment under Chapter 21 of the Texas Labor Code.[2] The trial court dismissed his sexual harassment claim on summary judgment and denied his motion to disqualify the City's trial attorney. The trial court also ruled on motions in limine from both sides and entered its standing limine order.

After a five-day trial on the merits, the jury returned its verdict. The first question of the jury charge asked:

> Did the City of Austin take any of the alleged actions against Alan Limuel because of Alan Limuel's complaint of sexual harassment against [his former supervisor], Alan Limuel's complaints of retaliation starting in 2016 against [his new supervisor] and continuing against [his assistant manager], and [his manager], Alan Limuel's request for a disability accommodation, his complaint of disability discrimination, his filing of charges with the federal Equal Employment Opportunity Commission ('EEOC'), or his filing this lawsuit against the City of Austin?

The "alleged actions" included a list of over a dozen things that occurred during Limuel's employment, including allegedly refusing to investigate his complaints of retaliation or harassment after he filed this lawsuit, scheduling him for work-related training "under threat of discipline," and placing him and his union representative in a separate room for an Americans with Disabilities Act interactive meeting. The jury answered yes. However, the jury answered no to other questions probing the merits of Limuel's claims, including harassment based on his alleged disability and failure to provide a reasonable workplace accommodation. The jury then awarded Limuel zero

---

[2] Though Limuel proceeds pro se on appeal, he was represented by counsel at trial.

damages for past and future "emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, and other non-economic losses."[3]

Limuel filed a motion to disregard the jury's answer to damages, claiming no evidence supported an award of zero damages. The trial court denied his motion and entered a judgment reflecting the jury's findings. Limuel then filed a pro se motion for new trial, which the court denied. Limuel appealed.

### *Standards for Pro Se Litigants*

"[C]ourts are required to construe the pleadings of pro se litigants to ensure that they are afforded a fair opportunity to be heard." *Jonson v. Duong*, 642 S.W.3d 189, 193 (Tex. App.—El Paso 2021, no pet.) (citing *Feist v. Gutierrez*, No. 03-18-00474-CV, 2019 WL 3436996, at *1, n.2 (Tex. App.—Austin July 31, 2019, no pet.) (mem. op.)). However, pro se litigants must also comply with procedural rules. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). "Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Id.*

Thus, as with appellate briefs drafted by counsel, Limuel's brief "must state concisely all issues or points presented for review" and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). Failure to comply with Texas Rule of Appellate Procedure results in waiver of the issue on appeal. *See id.*; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "[W]e have 'no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error.'" *Martinez v. Ward*, 303 S.W.3d 326, 328

---

[3] Limuel did not seek back pay or other economic damages.

(Tex. App.—El Paso 2009, no pet.) (quoting *Valadez*, 238 S.W.3d at 845). "It would be inappropriate for this Court to attempt to re-draft and articulate what we believe [the appellant] may have intended to raise as error on appeal." *Valadez*, 238 S.W.3d at 845.

*Analysis*

Limuel raises several issues on appeal, including the trial court's rulings on evidentiary issues, his motion to disqualify counsel, and various jury selection issues.[4] He also urges that the City made improper arguments to the jury during its closing argument and maintains the trial court erred by denying his motion to set aside the jury's verdict on damages and motion for a new trial. Finally, Limuel generally claims the trial court's actions at various points during the trial violated his rights under the Fifth and Fourteenth Amendments.[5] We address his issues in turn.

## A. Evidentiary rulings

Limuel contends the trial court erred in its limine rulings, which, in relevant part: (1) denied his request to keep out testimony regarding his criminal history, except for certain details of his December 2017 arrest, and (2) granted the City's request to prevent him from testifying about his theory that the City's attorney improperly communicated with the Travis County District Attorney's office regarding his since-dismissed criminal case. Limuel relatedly complains that witnesses and the City's counsel improperly referenced "domestic violence allegations details and false news reports."

---

[4] In his brief, Limuel notes the trial court "made rulings on three [m]otions all against [his] interest with no justification given," without clarifying which motions he means. At another point in his brief, he states the trial court made "several improper rulings throughout the trial . . . including but not limited to" seven listed motions. Despite these discrepancies, we construe Limuel's brief "liberally" and review each issue properly before us, *i.e.*, that complies with Rule 38.1. *Martinez*, 303 S.W.3d at 328.

[5] Limuel also complains of the trial judge's purported bias and the City's counsel's "abhorrent" behavior throughout the parties' litigation. However, because he does not identify any appealable issue in compliance with Rule 38.1, those grievances are not properly before us.

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion by acting without reference to any guiding rules or principles. *Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, 520 S.W.3d 145, 157 (Tex. App.—Austin 2017, pets. denied). On appeal, we will not reverse an erroneous evidentiary ruling "unless the ruling probably caused the rendition of an improper judgment." *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 626 (Tex. App.—Dallas 2004, pet. denied) (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000)). "A trial court's ruling on a motion in limine is a preliminary ruling on admissibility and does not preserve anything for appellate review." *In Interest of M.G.N.*, 491 S.W.3d 386, 400–01 (Tex. App.—San Antonio 2016, pet. denied) (citing *Hiroms v. Scheffey*, 76 S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). In other words, a party must timely object when testimony is offered to preserve error. *In re Commitment of Hebert*, 578 S.W.3d 154, 156 (Tex. App.—Tyler 2019, no pet.) (citing TEX. R. APP. P. 33.1(a) and TEX. R. EVID. 103(a)(1)).

Limuel failed to preserve error on the trial court's evidentiary rulings related to testimony about his criminal history (which includes references to "domestic violence allegations" and "news reports" about the same) because he did not timely object to that testimony during trial. *Id.* Indeed, a review of the trial transcript reflects that Limuel's own testimony addressed those same matters, so he cannot complain about the admission of that evidence on appeal. *McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 188 (Tex. 1984) ("A party on appeal should not be heard to complain of the admission of improper evidence offered by the other side, when he, himself, introduced the same evidence or evidence of a similar character.").

Further, the trial court did not abuse its discretion by prohibiting Limuel from testifying about his theory of allegedly improper communications between the City's counsel and the District

5

Attorney's office. In his related offer of proof, Limuel attempted to admit an exhibit consisting of a series of emails he said he obtained from the District Attorney's office. The City made several objections to the exhibit, including that it was unauthenticated and had never been produced in discovery. In sustaining the City's objections and preventing the admission of that evidence, the trial court did not act "without reference to any guiding rules or principles." *Elness Swenson Graham Architects*, 520 S.W.3d at 157.

Limuel's issue regarding the trial court's rulings on evidentiary matters is overruled.

## B. Motion to disqualify counsel

Limuel references his motion to disqualify the City's counsel as a ruling "made against [his] interests with no reasonable justification given" by the trial court. However, to the extent Limuel intends to raise this as an issue on appeal, it is not properly before us because his brief does not include "a clear and concise argument" for this contention "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Because Limuel fails to meet the Rule 38.1 requirements on this issue, it is overruled.

## C. Jury selection

Limuel complains of several issues related to jury selection. Decisions related to voir dire are within the sound discretion of the trial court, so we find error only when there is an abuse of discretion. *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 92 (Tex. 2005). "[T]rial judges are in a better position to evaluate the veniremembers' sincerity in their responses and capacity for fairness and impartiality." *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 196 (Tex. App.—Austin 2005, pet. denied).

First, Limuel claims four veniremembers should have been struck for cause because they "present[ed] bias on awarding damages for mental harm and bias towards domestic violence

6

allegations[.]" Limuel also contends the trial court improperly released four veniremembers before voir dire without consulting with counsel.[6] Similarly, Limuel protests that the trial court moved forward with voir dire despite his objections that six veniremembers did not respond to the jury duty summons. Finally, Limuel argues the City improperly went "into facts of the case during *voir dire*."[7] Though Limuel states the trial court's decisions were in "contravention of law," he provides no further argument or citation to legal authorities to support his positions. That fails to meet what Rule 38.1 requires, so these issues are not properly before us on appeal.

Limuel's issues related to jury selection are overruled.

### D. Jury argument

Limuel also contends the City made improper jury argument by referring to his "domestic violence allegation details and false news reports" in "efforts to taint [the] jury" during closing arguments. To prove an improper jury argument, the appellant must show, in relevant part, that he preserved the argument at trial by objection, motion to instruct, or motion for mistrial. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979). However, Limuel did not object or move to instruct or for mistrial during the City's closing argument. He has waived the issue.[8]

Limuel's jury argument issue is overruled.

### E. Post-trial motions

---

[6] The record shows that the trial judge rescheduled (and did not excuse) these four veniremembers for a later jury duty at their request for health reasons.

[7] Specifically, Limuel objects to the City's statement that "[t]his is a case, as counsel told you earlier, that involves an employee of [Austin Resource Recovery] who is complaining that he is getting retaliated against." The trial judge overruled the objection, stating to Limuel's counsel, "[y]ou covered the same material, so overruled. Generic statement is okay."

[8] Limuel does not contend that the City's jury argument was incurable—*i.e.*, that it was so prejudicial it would not have been rendered harmless by an instruction to disregard such that his failure to object does not waive his objection on appeal. *Owens-Corning Fiberglas Corp. v. Wasiak*, 917 S.W.2d 883, 894 (Tex. App.—Austin 1996), *aff'd sub nom. Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35 (Tex. 1998).

Limuel also contends the trial court should have granted his motion to disregard a jury answer and motion for new trial. Construing Limuel's brief liberally, we understand his argument as it relates to both motions to challenge the legal and factual sufficiency of the jury's finding of zero damages for mental anguish.

"When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing such a challenge, we first examine the record for evidence supporting the finding and ignore all evidence to the contrary. *Id.* Only if there is no evidence to support the finding will we then examine the record to determine if the contrary proposition is established as a matter of law. *Id.* "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

"When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Francis*, 46 S.W.3d at 242. We may set aside a verdict "only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.*

"Matters of pain and mental anguish are necessarily speculative, and it is particularly within the jury's province to resolve these matters and determine the amounts attributable thereto." *Grant v. Cruz*, 406 S.W.3d 358, 363 (Tex. App.—Dallas 2013, no pet.); *see Union Pac. R. Co. v. Legg*, No. 03-07-00512-CV, 2009 WL 2476636, at *4 (Tex. App.—Austin Aug. 12, 2009, no pet.) (mem. op.) (noting that the term "mental anguish" is "an 'admittedly nebulous definition' and can

involve symptoms that are subjective in nature" (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)). "A jury is free to reject the subjective testimony of a plaintiff as to the existence, amount, or severity of the plaintiff's pain." *Grant*, 406 S.W.3d at 364. "The mere fact that injury resulted does not establish pain and suffering or impairment." *Grove v. Overby*, No. 03-03-00700-CV, 2004 WL 1686326, at *8 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op.) (citing *Blizzard v. Nationwide Mut. Fire Ins. Co.*, 756 S.W.2d 801, 805 (Tex. App.—Dallas 1988, no writ)). "[C]ourts of appeals have affirmed zero-damages jury verdicts on the issue of mental anguish." *Legg*, 2009 WL 2476636, at *4 (collecting cases).

Limuel has not proved that he is entitled to damages as a matter of law nor that the jury's finding is against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Though the jury answered in Limuel's favor on question one of the jury charge, it declined to award him damages for past and future mental anguish. Based on the testimony at trial, the jury could have reasonably believed, for example, that Limuel's suffering did not rise to the level of compensable mental anguish[9] or Limuel did suffer mental anguish but it stemmed from other circumstances in his life unconnected to his work environment or the City's actions.[10] It was within the jury's discretion to "consider the circumstantial evidence, weigh witness credibility, and make reasonable inferences from the evidence it chooses to believe." *Grove*, 2004 WL 1686326, at *8 (citing *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001)). In sum, the jury's

---

[9] For example, Limuel testified that after the alleged retaliation at work, he felt "humiliat[ed]" and like he was "walking around on eggshells[.]"

[10] For example, Limuel's psychotherapist testified that Limuel had "[l]ots of depression, anxiety, fluctuations in weight, appetite" but that there were "other stresses" besides his "work stress," including "constant conflict" with his mother. Limuel did not call an expert witness.

finding of zero damages for Limuel's pain and mental anguish is supported by the record before us.

Limuel's issue regarding his two post-trial motions is overruled.

**F. Constitutional claims**

Finally, Limuel claims the court's "refusal to correct the jury's erroneous decision" violated his rights under the Fifth and Fourteenth Amendments. However, Limuel did not raise these issues at the trial court level. Constitutional claims that are not raised in the trial court are not preserved for review on appeal. *Perry v. U.S. Auto. Ass'n*, 602 S.W.3d 915, 916 n.1 (Tex. 2020). Limuel's constitutional claims are thus overruled.

## CONCLUSION

For the above reasons, we affirm the judgment of the trial court.

YVONNE T. RODRIGUEZ, Chief Justice

September 6, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.