**Affirmed and Opinion filed February 13, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00814-CV

---

## IN RE COMMITMENT OF LOUIS GUTIERREZ

---

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 860003Z**

---

## O P I N I O N

The State of Texas filed a petition to civilly commit appellant, Louis Gutierrez, as a sexually violent predator under the Sexually Violent Predator Act. *See* Tex. Health & Safety Code §§ 841.001–.051 (SVP statute). A jury unanimously found beyond a reasonable doubt that Gutierrez is a sexually violent predator. *See id.* §§ 841.003, 841.062(b). The trial court entered a final commitment order under the SVP statute. Gutierrez's sole issue on appeal challenges the legal sufficiency of the evidence to support a finding that he suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence because the testifying expert failed to test for psychopathy. We affirm.

## *Background*

As an adult, Gutierrez has four sexual offense convictions. In 1997, he was convicted of indecency with a child. This offense occurred in October 1996, and the complainant was a six-year-old female. Gutierrez was sentenced to four years in prison. In May 2001, he was convicted of three separate counts of indecency with a child. These offenses occurred in October 2000, approximately two months after Gutierrez was discharged from prison for his prior conviction. The complainants were three female children ages nine, eight, and four. Gutierrez received a twenty-two-year sentence for each conviction to be served concurrently.

The State filed a petition to civilly commit Gutierrez as a sexually violent predator. At the time of the civil commitment trial, he was serving his concurrent sentences. Dr. Darrel Turner, the State's expert, testified at the jury trial. Dr. Turner opined that Gutierrez suffers from a behavioral abnormality that causes him to be a sexually violent predator. According to Dr. Turner, he typically uses two actuarial instruments to help identify risk factors in determining whether a behavioral abnormality exists: Static-99R and Psychopathy Checklist Revised (PCL-R). Dr. Turner testified that Gutierrez's Static-99R score was at the highest level, meaning that Gutierrez was "three times as likely to be rearrested and reconvicted for another sexual offense than the average sex offender." Dr. Turner admitted that he chose not to obtain a PCL-R score in this case because Gutierrez refused to participate in the one-on-one evaluation. Also, Dr. Turner believed Gutierrez's PCL-R score would have been "artificially inflated" because his mental illness could mimic psychopathy.

The jury found beyond a reasonable doubt that Gutierrez is a sexually violent predator. On that basis, the trial court ordered Gutierrez civilly committed until he is no longer likely to engage in predatory acts. Gutierrez filed a motion for new trial,

which was overruled by operation of law. This appeal followed.

## *Discussion*

In a single issue, Gutierrez challenges the legal sufficiency of the evidence to support a finding that he has a behavior abnormality that makes him likely to engage in a predatory act of sexual violence. As stated, Gutierrez specifically argues that the SVP statute requires the expert to test for psychopathy.

In reviewing the legal sufficiency of the evidence supporting Gutierrez's civil commitment as a sexually violent predator, we use the same legal sufficiency standard that we use in criminal cases. *See In re Commitment of Stoddard*, 619 S.W.3d 665, 674–75 (Tex. 2020); *In re Commitment of Harris*, 541 S.W.3d 322, 327 (Tex. App.—Houston [14th Dist.] 2017, no pet.). In so doing, we assess the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the statutory elements required for commitment beyond a reasonable doubt. *Stoddard*, 619 S.W.3d at 674–75. The jury is the sole judge of the witnesses' credibility and of the weight to be given to their testimony. *Harris*, 541 S.W.3d at 327.

To establish that Gutierrez is a sexually violent predator, the State is required to prove beyond a reasonable doubt that he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code §§ 841.003(a); 841.062(a). Gutierrez only challenges the second element here: that he suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.[1]

---

[1] Notwithstanding the fact that Gutierrez does not challenge the finding that he is a repeat sexually violent offender, the record undoubtedly indicates that the State introduced, and the jury heard, legally sufficient evidence proving, beyond a reasonable doubt, that he is a repeat sexually violent offender. *See* Tex. Health & Safety Code § 841.003(b) ("A person is a repeat sexually violent offender . . . if the person is convicted of more than one sexually violent offense and a

A behavioral abnormality is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2). A predatory act means "an act directed toward individuals, including family members, for the primary purpose of victimization." *Id.* § 841.002(5). Offenses identified in the SVP statute as "sexually violent offenses" are, by their nature, "committed for the primary purpose of victimization." *In re Commitment of Hutyra*, No. 14-17-00669, 2018 WL 3911136, at *5 (Tex. App.—Houston [14th Dist.] Aug. 16, 2018, pet. denied) (mem. op.) (citing *In re Commitment of White*, No. 14-17-00115-CV, 2018 WL 344063, at *10 (Tex. App.—Houston [14th Dist.] Jan. 9, 2018, no pet.) (mem. op.)).

Gutierrez's legal-sufficiency challenge attacks Dr. Turner's failure to test for psychopathy. Relying exclusively on section 841.023(a), Gutierrez asserts that the evidence is legally insufficient to support a finding that he has a behavioral abnormality without testing for psychopathy. *See* Tex. Health & Safety Code § 841.023(a) (providing that the expert used by the Texas Department of Criminal Justice "shall make a clinical assessment based on testing for psychopathy . . . to aid the department in its assessment."). We disagree.

A similar argument was rejected by this court in *Hutyra.* 2018 WL 3911136, at *6. In that case, Hutyra relied on the fact that the SVP statute requires the initial evaluator to test for psychopathy. *Id.*; *see also* Tex. Health & Safety Code § 841.023(a). Hutyra alleged that the evidence was legally insufficient because "he is not a psychopath." *Hutyra*, 2018 WL 3911136, at *6. However, this court determined that "[s]ection 841.023(a) applies to the pre-petition administrative

sentence is imposed for at least one of the offenses."). In this case, Gutierrez was convicted of four sexually violent offenses, and a sentence was imposed for each conviction.

screening process and is designed to assist TDCJ in its initial determination whether an inmate scheduled for release may be a sexually violent predator." *Id.*, at n.6. In finding that Hutyra's argument lacked merit, this court held that "the only question a jury must answer in a civil commitment trial is whether a person suffers from a behavioral abnormality that makes that person predisposed to committing sexually violent acts." *Id.* (citing *In re Commitment of Bohannan*, 388 S.W.3d 296, 306 (Tex. 2012)). Put simply, psychopathy testing is not a requisite finding that must be met to support civilly committing a sexually violent predator. *See id.*[2]

In this case, Dr. Turner was not required to test for psychopathy to determine that Gutierrez suffers from a behavioral abnormality. Even if the SVP statute could somehow be interpreted to require psychopathy testing prior to civilly committing a sexually violent predator, which we hold that it does not, Gutierrez cannot now complain that a psychopathy finding was required when he refused to participate in the one-on-one evaluation with Dr. Turner. *See* Tex. Health & Safety Code § 841.061(f) ("A person who is on trial to determine the person's status as a sexually violent predator is required to submit to all expert clinical interviews that are required. . . ."). Additionally, Dr. Turner believed that it would be unfair to obtain a PCL-R score due to Gutierrez's mental illness. Dr. Turner explained that many of

---

[2] Analogous arguments considered by our sister courts concerning the necessity for psychopathy testing before a person can be civilly committed as a sexually violent predator have been uniformly rejected. *See In re Commitment of Born*, No. 02-19-00272-CV, 2022 WL 6788213, at *9 (Tex. App.—Fort Worth Nov. 19, 2020, no pet.) (mem. op.) ("[A] person's psychopathy is not a requisite finding that must be made in support of his commitment as a sexually violent predator.") (quoting *In re Commitment of Herbert*, 578 S.W.3d 154, 159 (Tex. App.—Tyler 2019, no pet.)); *In re Commitment of Wirfs*, No. 09-19-00007-CV, 2020 WL 1879473, at *6 (Tex. App.—Beaumont Apr. 6, 2020, no pet.) (mem. op.) (same); *In re Commitment of Renshaw*, 598 S.W.3d 303, 313 (Tex. App.—Texarkana Feb. 5, 2020, no pet.) (same); *In re H.L.T.*, 549 S.W.3d 656, 660 (Tex. App.—Waco 2017, pet. denied) (providing that nothing in the SVP statute specifically required psychopathy testing by an expert in order to classify a person as a sexually violent predator).

the symptoms of Gutierrez's mental illness overlap psychopathic traits assessed by the PCL-R test. Thus, the degree of Gutierrez's psychopathic characteristics would have been exaggerated.

Though the jury did not hear evidence concerning the degree of Gutierrez's psychopathy, the jury nonetheless heard substantial evidence to support its finding, beyond a reasonable doubt, that Gutierrez suffers from a behavioral abnormality. After detailing his training and experience, Dr. Turner described his careful consideration of various research-based factors in arriving at his opinion that Gutierrez suffers from a behavioral abnormality, setting out for the jury the precise factual underpinning of his assessment, including consideration of Gutierrez's risk and protective factors. Two major risk factors identified by Dr. Turner were sexual deviance and antisocial personality disorder. Dr. Turner explained that Gutierrez is sexually deviant because Gutierrez suffers from pedophilic disorder, a lifelong condition. Delineating the circumstances surrounding Gutierrez's sexual offenses, Dr. Turner explained the degree of Gutierrez's sexual deviance. For example, Gutierrez was convicted of two sexual offenses as a juvenile and four as an adult, which Dr. Turner characterized as "brazen" and "high risk." Dr. Turner also discussed other sexual offenses involving prepubescent children where Gutierrez was not convicted. As evidence of Gutierrez's antisocial personality disorder, Dr. Turner emphasized Gutierrez's overall lack of remorse, lack of ability to control his impulses, and manipulative tendencies—all of which affect Gutierrez's emotional or volitional capacity and predisposes him to commit predatory acts of sexual violence.

Gutierrez has not demonstrated that no evidence supports the jury's verdict that he suffers from a behavioral abnormality. *See Harris*, 541 S.W.3d at 329 (concluding that evidence of two biggest risk factors for re-offending—sexual

deviance and antisocial personality disorder—was legally sufficient to support the jury's finding that appellant suffers from a behavioral abnormality disorder).

Having rejected Gutierrez's contention that psychopathy testing is required to support a finding that he has a behavioral abnormality and reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the statutory elements required for commitment beyond a reasonable doubt. *See* Tex. Health & Safety Code §§ 841.002(2), 841.003(a). Accordingly, we hold that the evidence is legally sufficient to support the trial court's judgment. We overrule Gutierrez's only issue on appeal.

### *Conclusion*

We affirm the trial court's final order of commitment.


/s/ Frances Bourliot
Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain.